**COHEN JOHNSON, LLC**
H. STAN JOHNSON, ESQ.
Nevada Bar No. 00265
sjohnson@cohenjohnson.com
375 E. Warm Springs Road, Suite 104
Las Vegas, Nevada 89119
Telephone: (702) 823-3500
Facsimile: (702) 823-3400
*Attorneys for Debtor*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| IN RE: | BK-22-12435-nmc |
| ASIA PALACE RESTAURANT INC. | CHAPTER 11 |
| Debtor. | |

**OPPOSITION TO MOTION FOR RELIEF FROM AUTOMATIC STAY**

Debtor, ASIA PALACE RESTAURANT INC., by and through its counsel of record, H. Stan Johnson of COHEN JOHNSON, LLC, hereby files its opposition to the Motion of the Movant, EASTERN SILVERADO LLC (hereinafter referred to as "EASTERN SILVERADO LLC" or "Movant"), for relief from the Automatic Bankruptcy Stay regarding 9570 S. Eastern Ave., Las Vegas, Nevada 89123 (the "Subject Property"). This Opposition is made and based upon 11 U.S.C. 105, 362 and Bankruptcy Rule 7065, the following Points and Authorities and any oral argument heard at the time of the hearing.

**FACTS**

1. Debtor filed this case under Title 11 of the United States Code, Subchapter V, on July 13, 2022.

2. Debtor operates a restaurant located at 9570 S. Eastern Ave., Las Vegas, Nevada 89123. Debtor leases from the landlord, Eastern Silverado, LLC, the above premises pursuant to a lease originally entered into on or about April 26, 2011. The lease was amended on or about

November 19, 2012, at which time it was assigned to Cheng Feng USA Incorporated.

3. The lease was again amended on or about July 1, 2018, at which time the Debtor was substituted in as the tenant under the lease.

4. There is currently pending litigation in the Eighth Judicial District Court Case No. A-21-836031-C between the debtor Asia Palace Restaurant, Inc. as the Plaintiff and Eastern Silverado, LLC as the Defendant.

5. The debtor has brought causes of action for: Breach of Contract; Breach of the Covenant of Good Faith and Fair Dealing; and Declaratory Relief. In addition to declaratory relief, the Debtor is seeking damages from the landlord/defendant in excess of $15,000.00. for wrongful eviction.

## MEMORANDUM OF POINTS AND AUTHORITIES

### A.    MOVANT HAS FAILED TO ESTABLISH A PRIMA FACIE CASE TO GRANT THEIR MOTION TO LIFT STAY

Procedurally, a lift-stay movant has the burden to establish prima facie facts entitling it to relief. See, *In re Elmore*, 94 B.R. 670 (Bankr. C.D. Cal. 1988). To establish these prima facie facts, the moving creditor must demonstrate the following:

1. The Debtor owes the obligation to the Creditor;

2. The amount owed is liquidated and certain; and

3. "Cause" justifying relief from the stay.

*In re Kim*, 71 B.R. 1011, 1015 (Bankr. C.D. Ca1. 1987).

Pursuant to Bankruptcy Code § 362(g) a creditor seeking relief from the automatic stay has the burden of producing evidence to make a prima facie case that the creditor is entitled to relief from the stay. *In re Setzer*, 47 B.R. 340,345 (Bankr. E.D.N.Y. 1985). Movant has failed to prove by admissible evidence the amount, if any, that is owed to the landlord, since the Movant has ignored the pending

litigation and the damages sought from the landlord for wrongful eviction and breach of contract. In order for the Movant to demonstrate the amount actually due, that amount would have to be determined by the State Court in the pending litigation. Until this is done, Movant cannot by other means assert that the Debtor owes the alleged debt, and that it is entitled to relief from the stay. (*In re Kim, Id. Supra.*)

### 1. Post-Petition Rent Payments May be Extended by the Court.

Pursuant to 11 USC § 365(d)(3)(B):

(B) In a case under subchapter V of chapter 11, the time for performance of an obligation described in subparagraph (A) arising under any unexpired lease of nonresidential real property may be extended by the court if the debtor is experiencing or has experienced a material financial hardship due, directly or indirectly, to the coronavirus disease 2019 (COVID–19) pandemic until the earlier of—

(i) the date that is 60 days after the date of the order for relief, which may be extended by the court for an additional period of 60 days if the court determines that the debtor is continuing to experience a material financial hardship due, directly or indirectly, to the coronavirus disease 2019 (COVID–19) pandemic; or

(ii) the date on which the lease is assumed or rejected under this section.

The Debtor has experienced a material financial hardship due directly and indirectly to the coronavirus disease 2019. (COVID-19). The Debtor intends to file for an extension of time to defer these obligations for an initial 60-day period and an additional 60-day period because of this continuing financial hardship.

Therefore, the Court should not find that the current failure to make post-petition payments is cause to lift the automatic stay.

### 2. The Debtor has Provided Proof of Insurance.

On August 22, 2022 the Debtor provided to Justin Valencia (USTP) and trustee Brian Shapiro a copy of the Debtor's insurance policy ACP BP013067882169 issued by Nationwide

Assurance Company, which also named the landlord as an additional insured and listed the USTP as a party for notification. On August 31, 2022 the same policy was provided to the Movant.

### 3. The Debtor has a Potential Sale that Would Allow for the Payment of the Landlord and all Other Creditors.

The Debtor is in final discussions with a potential buyer of the Debtor's assets. The potential buyer desires to obtain the assets of the Debtor and continue to operate the business as a going concern. The Debtor believes that a LOI will be signed this week and that a final agreement will be signed shortly thereafter subject to the bankruptcy court's approval.

This potential sale would allow for a resolution of any amounts due to the Movant and other creditors pursuant to a plan of liquidation or a conditional order of dismissal that shall provide for the payment of creditors.

The Court should allow time for the Debtor to finalize this agreement, which will be in the best interests of the Movant and all other creditors of the Debtor.

## CONCLUSION

Based upon the foregoing, Movant is not entitled to an order terminating the automatic stay. Wherefore, Debtor respectfully requests that the Court determine that Movant has failed to carry the necessary burden of establishing a prima facia case since the Movant has failed to establish an amount owing, if any, based upon the pending State Court litigation. Further, the stay should not be lifted to

///

///

///

///

///

allow the Debtor time to enter into a purchase agreement for its assets.

Dated this 7th ay of September, 2022.

                                  COHEN JOHNSON, LLC

By:    /s/ H. Stan Johnson
         H. STAN JOHNSON, ESQ.
         Nevada Bar No. 00265
         sjohnson@cohenjohnson.com
         375 E. Warm Springs Road, Suite 104
         Las Vegas, Nevada 89119
         Telephone: (702) 823-3500
         Facsimile: (702) 823-3400
         *Attorneys for Debtor*